IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TINA GARNER MARSH, AS ADMINISTRATRIX
OF THE ESTATE OF ISAAC ALAN GARNER,
DECEASED, AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES OF
ISAAC ALAN GARNER, DECEASED                                PLAINTIFF

VS.                                          CAUSE NO. 3:24-cv-339-TSL-MTP

MANAGEMENT & TRAINING CORPORATION
AND UNKNOWN JOHN DOE DEFENDANTS
ONE THROUGH TEN                                           DEFENDANTS

### VERIFIED COMPLAINT

COMES NOW Tina Garner Marsh, administratrix of the Estate of Isaac Alan Garner, Deceased, pending in the Chancery Court of Franklin County, Mississippi, Cause No. 061-23, and on behalf of all wrongful death beneficiaries of Isaac Alan Garner, deceased, plaintiff herein, by and through undersigned counsel, and files this, her Verified Complaint against Management & Training Corporation and Unknown John Doe Defendants One through Ten, and for good cause would show the following:

### I. The Parties

1.  Tina Garner Marsh (hereinafter "*Ms. Marsh*") is an adult resident citizen of Franklin County, Mississippi, suffering under no legal disabilities, who resides at 194 Fourth Street, Roxie, Mississippi 39661, and who may be served with process in this civil action through her undersigned attorney of record. Ms. Marsh is before the Court in her individual capacity and as administratrix of the Estate of Isaac Alan Garner, Deceased, on behalf of said estate and of all statutory wrongful death beneficiaries of Isaac Alan Garner, deceased.

2. Management & Training Corporation (hereinafter "*MTC*") is a corporation organized and existing under the laws of the State of Delaware, registered to conduct business in Mississippi, which may be served with process through its registered agent, C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

3. Unknown John Doe Defendant One is the proper name of the corporate entity operating East Mississippi Correctional Facility, located at 10641 Highway 80 West, Meridian, Mississippi 39307, that was responsible for the safe detention of the plaintiff's decedent as complained of herein, and which may be named in accordance with the terms of Rule 17 of the Federal Rules of Civil Procedure as it is properly identified through the course of investigation and discovery in this action.

4. Unknown John Doe Defendants Two through Four are any individual members of the staff of East Mississippi Correctional Facility and /or Wilkinson County Correctional Facility who are unknown by name to the plaintiff at present after due and diligent inquiry, but who provided services to the plaintiff's decedent as complained of herein, and who may be named in accordance with the terms of Rule 15 or Rule 17 of the Federal Rules of Civil Procedure as they are identified through the course of investigation and discovery in this action.

5. Unknown John Doe Defendants Five through Six are any contractors, sub-contractors, or vendors of East Mississippi Correctional Facility who are unknown to the plaintiff at the time of the filing of this pleading after due and diligent inquiry, but who provided services to the plaintiff's decedent as complained of herein and who may be named in accordance with the terms of Rule 15 or Rule 17 of the Federal Rules of Civil Procedure as they are identified through the course of investigation and discovery in this action.

6. Unknown John Doe Defendants Seven through Ten are fictitious parties representing real parties in interest unknown to the plaintiff at the time of the filing of this pleading after due and diligent inquiry, and who may be named in accordance with the terms of Rule 15 or Rule 17 of the Federal Rules of Civil Procedure as they are identified through the course of investigation and discovery in this action.

## II. Jurisdiction and Venue

7. This Court has jurisdiction over the persons of the parties hereto and over the subject matter herein by virtue of diversity of citizenship of the litigants under the provisions of 28 U.S.C. § 13327.

8. Venue is proper, as the tortuous acts and/or omissions of the defendant(s) occurred wholly or substantially within the confines of the physical boundaries of Lauderdale County, Mississippi, which is located within the Northern (Jackson) Division of this Court.

9. The judgment sought in this action exceeds this Court's minimal civil jurisdictional threshold of $75,000.00 for the award of money damages.

## III. Facts and Allegations

10. The plaintiff was the natural sister of Isaac Alan Garner (hereinafter "*Mr. Garner*", "*the decedent*" or "*inmate*").

11. On September 5, 2007, the decedent was sentenced to serve eleven (11) years in custody of the Mississippi Department of Corrections, with one (1) year to be served and the remaining ten (10) years as a probationer on post-release supervision, which sentence was later revoked on May 12, 2010.

12. Mr. Garner was initially housed at Central Mississippi Correctional Facility (hereinafter "*CMCF*"), before being transferred to MTC's facility located in Woodville,

Mississippi. While in MTC's custody in Woodville, Mr. Garner received a package that was intended for another inmate. Said package contained a firearm and two (2) loaded ammunition clips. Mr. Garner was not charged with an additional offense but was placed on lockdown / solitary due to a "gang hit" being placed on him that was related to the afore-described mis-delivery.

13. Sometime around August 2021, Mr. Garner was transferred to East Mississippi Correctional Facility (hereinafter "*EMCF*"), a privately operated for-profit detention facility contracted with the Mississippi Department of Corrections to house State of Mississippi prison inmates.

14. On information and belief, the fact that a gang hit was put out on Mr. Garner was not communicated by MTC's Woodville facility to EMCF. Alternatively, EMCF failed to take appropriate action and /or failed to institute protective measures and safeguards for Mr. Garner's benefit when notified of the existence of the gang hit.

15. While in the custody of EMCF, Mr. Garner was physically attacked and remorselessly bullied by other inmates, with little or no protection provided to him by the defendants.

16. Approximately one (1) month prior to his death, Mr. Garner sent a letter to his mother, the now-deceased Donna Garner, in which he mentioned the suspicious hanging of a fellow inmate. He further stated that he would never hang himself and that if something happened to him, she should request an autopsy and camera footage.

17. Approximately three (3) days prior to his death, Mr. Garner telephoned his fiancé, Candace Fairley, to tell her that he loved her and to reiterate that he would never kill himself.

18. Mr. Garner was found deceased in his cell on October 7, 2021. His death was determined to have been caused by suicide. However, on information and belief, Mr. Garner was killed by other inmates due the negligent omissions of the defendants.

19. Alternatively, Mr. Garner took his own life in despair because EMCF failed to protect him from relentless physical and emotional abuse at the hands of other inmates.

20. At all times relevant and material to the claims asserted herein, Mr. Garner was under the care, custody, and control of EMCF.

21. At all times relevant and material to the claims asserted herein, EMCF knew or should have known of the threats posed to Mr. Garner's safety within its facility.

22. The incident resulting in the death of Mr. Garner described herein arose from the acts and / or omissions of the defendants, named and un-named, and as a direct and proximate result of said incident, the plaintiff has suffered damages for which she should be permitted to recover.

### IV. Causes of Action

#### Count 1. Negligence

23. The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 22 as if fully reproduced herein.

24. In contracting to detain Mr. Garner on behalf of the State of Mississippi, MTC undertook a duty to care for its prisoner, keeping him safe from harm.

25. In its failure to properly manage and supervise the detention of Mr. Garner, MTC / EMCF breached the standard of professional care owed to the inmates charged to its care, including the plaintiff's decedent, directly and proximately causing the plaintiff's injuries as described herein.

26. In its detention of Mr. Garner, MTC / EMCF negligently breached its duty of care in the following respects, including but not limited to failing to:

   (a) identify the threats posed to Mr. Garner by other inmates;

   (b) communicating known threats posed to Mr. Garner by other inmates to appropriate authorities;

   (c) protect Mr. Garner from the physical battery that resulted in his death;

   (d) protect the inmate charged to its care from the bullying, threatening, and physically violent and abusive behavior of other prisoners;

   (e) evaluate its inmate's mental / psychological condition;

   (f) identify its inmate's suicidal tendencies;

   (g) monitor its inmate;

   (h) protect its inmate from physical harm inflicted by other prisoners; and

   (i) protect its inmate from self-harm.

### Count 2. Negligent Selection, Hiring and Retention

27. The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 26 as if fully reproduced herein.

28. In its failure to properly select and employ as prison guards personnel of an appropriate character, demeanor, and temperament and possessed of the requisite skills to ensure the safety of the inmates entrusted to its care, MTC failed to ensure the safety of said inmates and breached its duty of care to Mr. Garner, causing foreseeable injury to the plaintiff's decedent for which the plaintiff should be allowed to recover in this action.

29. In its failure to properly select and employ as administrative personnel of an appropriate character, demeanor, and temperament and possessed of the requisite skills to ensure

the safety of the inmates entrusted to its care, MTC failed to ensure the safety of said inmates and breached its duty of care to Mr. Garner, causing foreseeable injury to the plaintiff's decedent for which the plaintiff should be allowed to recover in this action.

### Count 3. Negligent Training and Supervision

30. The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 29 as if fully reproduced herein.

31. In its failure to properly train prison personnel in their duties, including but not limited to the evaluation and safe detention of suicidal inmates, MTC negligently failed to ensure the safety and wellbeing of the prisoners within its facility, thus endangering said prisoners, and foreseeable injury resulted to Mr. Garner for which the plaintiff should be allowed to recover.

32. In omitting to properly oversee the activities of its employees, MTC endangered the inmates entrusted to its care without regard for their welfare, and foreseeable injury resulted to Mr. Garner for which the plaintiff should be allowed to recover.

### V. Res Ipsa Loquitur

33. The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 32 as if fully reproduced herein.

34. Ms. Marsh will demonstrate to the Court that the negligence of the defendant(s) in this matter "speaks for itself", in that:

> A. The injury to her brother is of the kind that does not ordinarily occur without negligence;
>
> B. The injury to Mr. Garner was caused by an agency or instrumentality within the exclusive control of the defendants;

    C.    The injury-causing events surrounding Mr. Garner's death did not occur by any voluntary action or contribution on the part of the plaintiff's decedent; and

    D.    The defendants cannot put forward a reasonable explanation to completely explain the failure of their afore-referenced medical treatment and the consequent injury to the plaintiff's decedent in the absence of negligence.

## VI. Compensatory Damages

35.    The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 34 as if fully reproduced herein.

36.    As a direct and proximate result of the acts and / or omissions of the defendants as described herein, the plaintiff has been caused to suffer the following injuries for which she is entitled to recover for the benefit of Mr. Garner's estate and wrongful death beneficiaries, jointly and severally from the defendants named and unnamed herein:

    a.    Wrongful death of Isaac Alan Garner;

    b.    Conscious pain and suffering of Isaac Alan Garner prior to his untimely death;

    c.    Mental grief and anguish;

    d.    Loss of society and companionship;

    e.    Loss of enjoyment of life;

    f.    Lost earnings or other income of the decedent;

    g.    Out-of-pocket expenses;

    h.    Pre- and post-judgment interest calculated at the maximum rate allowed by law;

      i.      Court costs, attorneys' fees, and litigation expenses as allowed by law; and

      j.      Any and all other damages or categories of damages for which the plaintiff may be entitled recovery under the law or at equity.

### VI. Demand for Jury Trial

37.    The plaintiff hereby requests trial by jury pursuant to the provisions of Rule 38 of the Federal Rules of Civil Procedure as is her inviolate right under the protections afforded her by the terms of the Constitution of the United States of America.

### VII. Verification

38.    By notarized certification attached hereto as Exhibit "*A*" and incorporated herein by reference, Plaintiff Tina Garner Marsh attests to the content of this pleading as true and correct to the best of her own personal knowledge after reasonably diligent inquiry and investigation.

### VIII. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tina Garner Marsh, as administratrix of the Estate of Isaac Allen Garner, Deceased, and individually and on behalf of all wrongful death beneficiaries of said decedent, prays that process issue in this action and demands judgment against Defendants Management & Training Corporation and Unknown John Doe Defendants One through Ten for negligent conduct in having been the actual and legal cause of said plaintiff's injuries. The plaintiff demands for judgment against all defendants named herein, including any proper defendants as yet unknown, in a sum of money damages of not less than $3,500,000.00 or in any amount the court and / or a fair and impartial jury deems appropriate and just in this civil action, as well as an assessment of all costs of court, litigation expenses, and attorneys' fees against said defendants; and

FURTHER, the plaintiff prays for all additional, other or alternative relief commanded in the circumstances by applicable principles of law and equity.

THIS, the 10th day of June, 2023.

Respectfully submitted,

**TINA GARNER MARSH, PLAINTIFF**

BY: _____
F. Gregory Malta (MSB #9743)
Post Office Box 912
Brookhaven, MS 39602
(601) 990-2999
gregmalta@gmaltalaw.com

M. Zachary Jex (MSB# 102915)
320 State St, Natchez, MS 39120
(601) 597-2599
zachjex@gmail.com

**OF COUNSEL FOR PLAINTIFF**