**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TINA GARNER MARSH, AS ADMINSTRATRIX**         **PLAINTIFFS**
**OF THE ESTATE OF ISAAC ALAN GARNER,**
**DECEASED, AND ON BEHALF OF ALL**
**WRONGFUL DEATH BENEFICIARIES OF**
**ISAAC ALAN GARNER, DECEASED**

**v.**         **CIVIL ACTION NO.: 3:24-CV-339-TSL-MTP**

**MANAGEMENT & TRAINING CORPORATION**
**AND UNKNOWN JOHN DOE DEFENDANTS**
**ONE THROUGH TEN**         **DEFENDANTS**

**MANAGEMENT & TRAINING CORPORATION'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

COMES NOW Management & Training Corporation, by and through counsel, and files

its Answer and Affirmative Defenses to Plaintiffs' Verified Complaint, as follows:

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST DEFENSE**

Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the *Federal*

*Rules of Civil Procedure* because it fails to state a claim against MTC upon which relief may be

granted.

**SECOND DEFENSE**

Plaintiffs may have failed to join indispensable parties in order to properly adjudicate

this matter, as set forth by Rules 12(b)(7) and 19 of the *Federal Rules of Civil Procedure.*

**THIRD DEFENSE**

Plaintiffs' claims may be barred by the applicable statutes of limitations, statutes of

repose, the doctrines of laches, waiver and/or estoppel, release, and/or their failure to meet

any other and further applicable filing deadlines.

## FOURTH DEFENSE

MTC is not and cannot be held vicariously liable for the actions of any employees or agents as alleged in Plaintiffs' Complaint that were outside the course and scope of their employment with MTC.  As a result, any allegations against MTC based upon its purported vicarious liability for the alleged conduct of any such employees or agents should be dismissed with prejudice.

## FIFTH DEFENSE

Plaintiffs may have failed to comply with all conditions precedent and with all statutory and/or due process and/or other requisites for filing the instant suit against MTC.

## SIXTH DEFENSE

To the extent Plaintiffs have specifically and/or generally failed to exhaust any and all available administrative remedies prior to filing suit, Plaintiffs' claims and Complaint are barred and must be dismissed.

## SEVENTH DEFENSE

Plaintiffs may lack standing to assert some or all of the claims made in their Complaint.

## EIGHTH DEFENSE

MTC strictly denies any and all allegations or claims that it, or any of its employees or agents acting in the course and scope of their employment violated, in any manner or nature whatsoever, any provision of the United States Constitution or any other Federal law or any provision of the State's Constitution or any other state law.

**NINTH DEFENSE**

MTC would show that any alleged injuries or damages suffered by Plaintiffs (including those related to the death of decedent, Isaac Alan Garner) as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiffs and/or Plaintiffs' decedent, and that all actions of MTC were, in every sense, lawful, proper and responsible and were lawful and done in compliance with adopted policies and procedures.

**TENTH DEFENSE**

MTC specifically reserves and invokes all defenses available to it or to which it is entitled pursuant to any applicable state and federal law and other policies, standards, regulations, laws, statutes, authorities, and ordinances.

**ELEVENTH DEFENSE**

Neither MTC nor its employees acting in the course and scope of their employment had any actual or constructive knowledge of any imminent danger to Plaintiffs and/or Plaintiffs' decedent at any time relevant to the allegations contained in the Complaint.

**TWELFTH DEFENSE**

MTC and its agents acting within the course and scope of their employment would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiffs.

**THIRTEENTH DEFENSE**

MTC has not authored, enacted, implemented, subscribed to, acquiesced to or upheld any law, regulation, policy, practice or custom that deprived Plaintiffs and/or Plaintiffs'

decedent of any federal or state law rights and no such official policy, custom or practice proximately caused or contributed to any deprivation of any of Plaintiffs' rights protected by the state or federal Constitutions or any state or federal law.

### FOURTEENTH DEFENSE

While denying that MTC took any action against Plaintiffs and/or Plaintiffs' decedent for which it may be liable, MTC expressly pleads that each and every decision made or taken concerning Plaintiffs and/or Plaintiffs' decedent was made in good faith and based on legitimate and lawful reasons. Further, each and every action taken by MTC with respect to Plaintiffs and/or Plaintiffs' decedent was taken in accordance with applicable Federal and/or Mississippi statutory and case law, and/or other applicable law.

### FIFTEENTH DEFENSE

Plaintiffs' claims may be barred or preempted by Federal and/or Mississippi statutory and/or case law and/or the statutory caps and/or limitations found therein.

### SIXTEENTH DEFENSE

Plaintiffs' recovery of damages, if any and which are specifically denied, is limited by applicable state and/or federal law and the statutory limitations therein.

### SEVENTEENTH DEFENSE

Plaintiffs and/or Plaintiffs' decedent failed to mitigate their alleged damages, which damages are fully and completely denied by MTC.

### EIGHTEENTH DEFENSE

If Plaintiffs and/or Plaintiffs' decedent were injured and/or damaged (including those injuries/damages related to the death of Plaintiffs' decedent), which injuries and damages are strictly denied, those injuries and damages were proximately caused or contributed to

solely by the acts, wrongs, or omissions of Plaintiffs, Plaintiffs' decedent, or other persons, entities, forces, or things over which MTC had no control and/or for which MTC is not responsible.  As to all such persons, including those not named as parties to this litigation, MTC pleads the apportionment, contributory negligence, comparative negligence, and other provisions of *Miss. Code Ann.* § 85-5-7 and *Miss. Code Ann.* § 11-7-15.

### NINETEENTH DEFENSE

 MTC would affirmatively plead the protections available under Miss. Code Ann. § 85-5-7 and would show that the acts or omissions of others, for whom it has no responsibility or liability, are the sole proximate, or contributing, cause of Plaintiffs' injuries and/or damages, if any, and that a jury must be allowed to assess the proportionate share of fault to those parties and/or participants.

### TWENTIETH DEFENSE

MTC pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiffs' Complaint.

### TWENTY-FIRST DEFENSE

Plaintiffs' injuries and damages (including those related to the death of Plaintiffs' decedent), if any and which are denied, were caused by intervening and/or superseding causes over which MTC had no control, and is thus not liable.  MTC also affirmatively pleads pre-existing medical and/or mental health conditions on the part of Plaintiffs' decedent which proximately caused and/or contributed to his death.

### TWENTY-SECOND DEFENSE

To the extent Plaintiffs have settled or should hereafter settle for any of their alleged damages with any person/entity, then MTC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-THIRD DEFENSE

Plaintiffs are not entitled to the recovery of pre-judgment or post-judgment interest pursuant to applicable law.

### TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to an award of attorneys' fees, costs, and other expenses of litigation as a matter of law.

### TWENTY-FIFTH DEFENSE

MTC specifically does not waive any defect in Plaintiffs' Complaint by answering and preserves all objections to such deficiencies.

### TWENTY- SIXTH DEFENSE

Any allegation in Plaintiffs' Complaint not expressly admitted herein is denied.

### TWENTY-SEVENTH DEFENSE

MTC pleads all applicable defenses in Rules 8 and 12 of the *Federal Rules of Civil Procedure* as well as the Prison Litigation Reform Act.  MTC further asserts and/or reserves its right to assert any additional affirmative defenses that may be justified as additional facts become known.

### TWENTY-EIGHTH DEFENSE

To the extent applicable, Plaintiffs have failed to state any cause of action against MTC that would entitle them to recover punitive damages.

**TWENTY-NINTH DEFENSE**

To the extent applicable, MTC would show that it is immune from any punitive damages liability for claims brought pursuant to 42 U.S.C. § 1983 or state law.

**THIRTIETH DEFENSE**

To the extent applicable, MTC denies that Plaintiffs are entitled to any recovery of punitive damages whatsoever against it; in the alternative, MTC pleads all rights, remedies and affirmative defenses available pursuant to *Miss. Code Ann.* § 11-1-65.

**THIRTY-FIRST DEFENSE**

To the extent applicable, an award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

**THIRTY-SECOND DEFENSE**

To the extent applicable, an award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

**THIRTY-THIRD DEFENSE**

To the extent applicable, any award of punitive damages against Defendants would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also

violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

### THIRTY-FOURTH DEFENSE

To the extent applicable, any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), would violate MTC's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

### THIRTY-FIFTH DEFENSE

To the extent applicable, MTC avers that at all times it has exercised good faith efforts to comply with 42 U.S.C. § 1983 and other applicable laws and that any conduct alleged to be violative of those laws would be contrary to MTC's efforts and established policies and cannot serve to impose punitive damage liability upon MTC.

### <u>ANSWER</u>

AND NOW, without waiving any of the above and foregoing affirmative defenses or any other defenses whatsoever, MTC answers Plaintiffs' Complaint paragraph by paragraph, as follows:

### I. The Parties[1]

1.    MTC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Plaintiffs' Complaint, therefore the same are denied.

---

[1] The headings herein are taken from Plaintiffs' Complaint and are being used solely for organization purposes. To the extent such headings constitute allegations, they are denied.

2.      While denying any and all liability in the premises, MTC admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      The allegations contained in Paragraph 3 of Plaintiffs' Complaint are not directed towards MTC, therefore no answer of it is required.  To the extent an answer is required, MTC denies the allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 of Plaintiffs' Complaint are not directed towards MTC, therefore no answer of it is required.  To the extent an answer is required, MTC denies the allegations contained in Paragraph 4.

5.      The allegations contained in Paragraph 5 of Plaintiffs' Complaint are not directed towards MTC, therefore no answer of it is required.  To the extent an answer is required, MTC denies the allegations contained in Paragraph 5.

6.      The allegations contained in Paragraph 6 of Plaintiffs' Complaint are not directed towards MTC, therefore no answer of it is required.  To the extent an answer is required, MTC denies the allegations contained in Paragraph 6.

## II. Jurisdiction and Venue

7.      While denying any and all liability in the premises, MTC specifically and only admits that this Court has subject matter jurisdiction over this matter.

8.      While denying any and all liability in the premises, MTC specifically and only admits that venue is proper in this Court.

9.      While denying any and all liability in the premises, MTC specifically and only admits that Plaintiffs' Complaint seeks the minimum civil jurisdictional threshold of $75,000.00.

### III. Facts and Allegations

10.     MTC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint, therefore the same are denied.

11.     MTC is currently without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint, therefore the same are denied.

12.     MTC denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

13.     MTC specifically and only admits that Inmate Garner was transferred from Central Mississippi Correctional Facility (not Wilkinson County Correctional Facility) to East Mississippi Correctional Facility on August 5, 2021.  The remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.     MTC denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

15.     MTC denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

16.     MTC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint, therefore the same are denied, demanding strict proof thereof.

17.     MTC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Plaintiffs' Complaint, therefore the same are denied, demanding strict proof thereof.

18.     MTC specifically and only admits that Inmate Garner was found deceased in his cell on October 7, 2021 and that the cause of death was suicide.  MTC denies the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint, denying any and all liability in the premises, and demanding strict proof thereof.

19.     MTC denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

20.     MTC specifically and only admits that Inmate Garner was housed at East Mississippi Correctional Facility on October 7, 2021.  MTC denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint, denying any and all liability in the premises, and demanding strict proof thereof.

21.     MTC denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

22.     MTC denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

### IV. Causes of Action

#### Count I. Negligence

23.     MTC incorporates by reference each one of its answers to the preceding paragraphs of Plaintiffs' Complaint as if copied fully herein.

24.     MTC denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint as stated, specifically denying any and all liability in the premises and demanding strict proof thereof.

25.     MTC denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

26.     MTC denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint, inclusive of subparagraphs (a) through (i), specifically denying any and all liability in the premises and demanding strict proof thereof.

<u>Count 2. Negligent Selection, Hiring and Retention</u>

27.     MTC incorporates by reference each one of its answers to the preceding paragraphs of Plaintiffs' Complaint as if copied fully herein.

28.     MTC denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

29.     MTC denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

<u>Count 3. Negligent Training and Supervision</u>

30.     MTC incorporates by reference each one of its answers to the preceding paragraphs of Plaintiffs' Complaint as if copied fully herein.

31.     MTC denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

32.     MTC denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint, specifically denying any and all liability in the premises and demanding strict proof thereof.

**V. Res Ipsa Loquitor**

33.     MTC incorporates by reference each one of its answers to the preceding paragraphs of Plaintiffs' Complaint as if copied fully herein.

34.     MTC denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint, inclusive of subparagraphs (A.) through (D.), specifically denying any and all liability in the premises and demanding strict proof thereof.

### VI. Compensatory Damages

35.    MTC incorporates by reference each one of its answers to the preceding paragraphs of Plaintiffs' Complaint as if copied fully herein.

36.    MTC denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint, inclusive of subparagraphs (a.) through (j.), specifically denying any and all liability in the premises, specifically denying that Plaintiffs are entitled to the recovery of any relief whatsoever, and demanding strict proof thereof.

### VI. (sic) Demand for Jury Trial

37.    MTC agrees to Plaintiffs' request for a jury trial in this matter.

### VII. (sic) Verification

38.    MTC specifically and only admits that Exhibit "A" purports to be a notarized certification executed by Plaintiff Tina Garner Marsh.  MTC denies the contents of the notarized certification, specifically denying any and all liability in the premises and demanding strict proof thereof.

### VIII. (sic) Prayer for Relief

MTC denies any and all allegations contained in Plaintiffs' final unnumbered paragraph below the heading **"Prayer for Relief,"** specifically denying any and all liability in the premises and demanding strict proof thereof. Further, MTC specifically denies that Plaintiffs are entitled to any recovery or relief whatsoever in this action.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation finally prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings, there be a judgment in its favor, with full prejudice and at Plaintiffs' costs.

RESPECTFULLY SUBMITTED, this the 8th day of July, 2024.

MANAGEMENT & TRAINING CORPORATION

/s/ R. Jarrad Garner
R. Jarrad Garner (MSB #99584)
Mary Clark Joyner (MSB #105954)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234
(f) 601-355-9708
jarrad.garner@arlaw.com
maryclark.joyner@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendant Management & Training Corporation, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the ECF filing system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: July 8, 2024.

/s/ R. Jarrad Garner
R. Jarrad Garner